UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 14-CR-664 |
| Plaintiff, | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| ANDREW COLEMAN and | ) |
| RASHAUD GIBSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 12, 2014, Andrew Coleman and his codefendant were charged in a two count indictment arising from the armed robbery of an electronics retailer. Count 1 charged Coleman and his codefendant with robbery under the Hobbs Act in violation of 18 U.S.C. § 1951(a). Count 2 charged them with using, carrying, and brandishing a firearm during and in relation to a crime of violence—the Hobbs Act robbery alleged in Count 1 of the indictment—in violation of 18 U.S.C. § 924(c). Coleman now moves this Court to dismiss Count 2 of the indictment against him under Federal Rule of Criminal Procedure 12(b)(3)(B), arguing that Hobbs Act Robbery is not a crime of violence within the meaning of section 924(c) and that section 924(c)'s residual clause is unconstitutionally vague. For the following reasons, Coleman's motion [83] is denied.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a defendant to make a pretrial motion that challenges the sufficiency of an indictment. *United States v. Boender*, 691 F. Supp. 2d 833, 837 (N.D. Ill. 2010). An indictment is constitutionally adequate and complies with the rules of criminal procedure when it 1) states the elements of the offense charged; 2) informs the defendant of the nature of the charge so that he may prepare a defense; and 3) enables the defendant to plead an acquittal or conviction as a bar against further prosecutions for the same offense. *Id.* When

1

evaluating the sufficiency of an indictment the court must focus on the allegations, which must be accepted as true and that in the light most favorable to the government. *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009). An indictment, or portion thereof, must be dismissed if the allegations are insufficient to state a violation of a governing statute. *United States v. Hollnagel*, No. 10 CR 195, 2011 WL 3664885, *8 (N.D. Ill. Aug. 19, 2011) (St. Eve, J.).

**Discussion**

To be convicted under 18 U.S.C. 924(c)(1)(A), a defendant must, as is pertinent here, use or carry a firearm "during and in relation to any crime of violence" or possesses a firearm "in furtherance of any such crime." Section 924 defines a crime of violence as a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property or another" ("the force clause") or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("the residual clause"). The parties agree that section 924's residual clause is unconstitutionally vague in light of the Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Coleman's motion therefore turns on whether Hobbs Act robbery satisfies the elements of the force clause and thereby constitutes a crime of violence.

The Hobbs Act defines robbery as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

In determining whether a predicate offense qualifies as a "crime of violence" under section 924(c), courts use a categorical approach looking only to the statutory elements of the

offense and not to the particular facts underlying the offense. *Descamps v. United States*, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). "The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact* [*indicted* for] a crime that qualifies as a crime of violence." *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013). A crime may only serve as a predicate offense for the force clause if the conduct that it encompasses does not exceed the conceivable scope of the force clause. *Id.* In conducting this analysis, the court looks for the minimum conduct to which there is a "realistic probability" that the statute could be applied. *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).

Coleman contends that Hobbs Act robbery does not categorically qualify as a "crime of violence" because it encompasses robbery that occurs through "fear of injury, immediate or future, to [the victim's] person or property," and thus can be satisfied by conduct that does not involve the use, attempted use, or threatened use of violent physical force. *Cf. Johnson v. United* States, 559 U.S. 133, 140–42, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) ("We think it clear that in the context of a statutory definition of "violent felony," the phrase 'physical force' means *violent* force—that is, force capable of causing pain or injury to another person.").

In support of this argument, Coleman relies on cases from other jurisdictions holding that purportedly similar statutes do not categorically constitute crimes of violence. Coleman does not, however, identify any authority holding that Hobbs Act robbery is not categorically a crime of violence under section 924, and this Court's own research has revealed no such case. To the contrary, the numerous recent cases applying section 924 to Hobbs Act robbery have unanimously held that Hobbs Act robbery is a crime of violence under the force clause because "fear of injury," as that phrase is used in the statute, may only be created through the use or threatened use of physical force. *See United States v. Crawford*, No. 3:15-CR-070, 2016 WL 320116, at * (N.D. Ind. Jan.

3

27, 2016) (collecting cases); *see also United States v. Wheeler*, No. 15-CR-216-PP, 2016 WL 799250, at *1 (E.D. Wis. Feb. 29, 2016) ("[C]omitting a robbery by putting a person in fear of injury—one of the acts which constitutes a violation of the Hobbs Act—necessarily involves an attempt or threat to cause such an injury, or to cause physical pain—which § 924(c)(3)(A) defines as a "crime of violence" for purposes of the enhanced penalty provided for in § 924(c)(1)(A)(iii)."); *United States v. Pena*, No. 15-cr-551 (AJN), 2016 WL 690746, at *12 (S.D.N.Y. Feb. 11, 2016) (determining that the legislative history of the Hobbs Act and principles of statutory construction require reading "fear of injury" as describing fear of injury created through the application of force); *United States v. Evans*, No. 5:15-cr-57-H, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015) (quoting *Castleman*, 134 S.Ct. at 1416–1417 (Scalia, J., concurring)) ("[T]o place another person in 'fear of injury,' particularly in the context of a felony robbery statute, the offender must threaten to 'use force capable of producing that result'—and this use of force fits the definition of 'physical force' under the force clause."). For the reasons persuasively set forth in those many cases, this Court agrees that the "fear of injury" language in the Hobbs Act describes fear of injury created through the use or threatened use of violent physical force.

In the alternative, Coleman contends that Hobbs Act robbery is not a crime of violence as defined by section 924(c)(3)(A) because the requisite mens rea is not present. The force clause of 18 U.S.C. § 16(a), which is substantially similar to section 924's force clause, has been interpreted to require the intentional, "active" employment of physical force or threatened physical force. *Leocal v. Ashcroft*, 543 U.S. 1, 9, 125 S.CT. 377, 160 L.Ed.2d 271 (2004). Here, Coleman contends, that mens rea is not present because "fear of injury" may be created without the intent to actively employ force.[1]

---

[1] Coleman attempts to support this argument by comparison to 18 U.S.C. § 2113's "intimidation" element, which Coleman argues lacks the mens rea necessary to constitute a crime of violence. This argument is belied by the multiple courts within this district that have held that "intimidation" entails threatened force capable of causing bodily harm and

4

To the contrary, the use of force in Hobbs Act robbery entails a higher degree of intent than negligent, accidental, or even reckless conduct. *See United States v. Standberry*, ---F.3d ---, 2015 WL 5920008, at *5 (E.D. Va. Oct. 9, 2015) (rejecting the defendant's "implausible paradigm" in which a defendant could "unlawfully obtain[] another person's property against their will by unintentionally placing the victim in fear of injury"). "[T]o convict a defendant of robbery, the government must prove that the defendant *knew* that he or she was taking property against the victim's will and that his or her actions involved physical force or were otherwise objectively intimidating." *United States v. Walker*, No. 3:15cr49, 2016 WL 153088, at *6 (E.D. Va. Jan. 12, 2016). Tellingly, Coleman does not offer, through either precedent or hypothetical, a set of circumstances in which an individual committing Hobbs Act robbery can do so in the absence of such intent. Hobbs Act robbery therefore categorically satisfies the mens rea requirement implicit in section 924 by requiring that the defendant know that he is taking property against the victim's will through the use or threatened use of physical force. Accordingly, this Court concludes that Hobbs Act Robbery is a crime of violence within the meaning of section 924(c)(3)(A) and that the indictment therefore has been sufficiently pleaded.

**Conclusion**

For the foregoing reasons, Coleman's Motion to Dismiss Count Two of the Indictment [83] is denied.

Date: <u>April 12, 2016</u>

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

---

that section 2113 therefore does constitute a crime of violence. *United States v. Carpenter*, No. 13 CR 930-1, -2, 2016 WL 878631, at *2 (N.D. Ill. March 8, 2016) (Pallmeyer, J.); *United States v. Enoch*, No. 15-CR-66, 2015 WL 6407763, at *1 (N.D. Ill. Oct. 21, 2015) (Kennelly, J.)